UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONZA L. TIPTON,

    Petitioner,

v.

NOAH NAGY,

    Respondent.
_____/

Case Number: 2:21-CV-10286

HON. GERSHWIN A. DRAIN
UNITED STATES DISTRICT COURT

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO VOLUNTARILY DISMISS THE PETITION FOR A WRIT OF HABEAS CORPUS [11]

### I. INTRODUCTION

Leonza L. Tipton ("Petitioner"), presently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2254. ECF No. 1. On May 17, 2021, Respondent Noah Nagy ("Respondent") filed a motion to dismiss the petition for writ of habeas corpus. ECF No. 9. In the Motion, Respondent argues that the petition should be dismissed because it only challenges the conditioning of parole on Petitioner's completion of substance abuse treatment, rather than the underlying 2019 state conviction or sentence. *Id.* at PageID.178–79.

Petitioner has now filed a notice or motion to withdraw his petition for a writ of habeas corpus.[1]  ECF No. 9.  For the reasons stated below, the Court will allow Petitioner to voluntarily withdraw his habeas petition and will dismiss the petition for writ of habeas corpus without prejudice.

## II.  LAW & ANALYSIS

Pursuant to Federal Rule of Civil Procedure 41, after an answer or motion for summary judgment has been filed, a plaintiff may voluntarily dismiss a suit "upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2).  "[A] voluntary dismissal without prejudice leaves the situation as if the action had never been filed." *Sherer v. Construcciones Aeronauticas, S.A.*, 987 F.2d 1246, 1247 (6th Cir. 1993) (citations omitted).  A decision to grant or deny a voluntary dismissal to a plaintiff is committed to the sound discretion of the district court.  *See Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir.1994).  "Generally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (citations omitted).  As relevant to the present matter, Rule 41(a) applies to habeas corpus proceedings.  *See Williams v. Clarke*, 82 F.3d 270, 272–73 (8th Cir.1996); *Doster v.*

---

[1] Petitioner indicates that he is also filing a notice to withdraw his civil rights complaint in Case No. 4:21-cv-10714 before Judge Stephanie Dawkins Davis.  This Court notes that Petitioner has filed a separate notice to withdraw in that case.

*Jones*, 60 F.Supp.2d 1258, 1259 (M.D. Ala. 1999) (collecting cases); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules.").

In determining whether or not a habeas petitioner is entitled to voluntarily dismiss his habeas petition without prejudice, federal courts must "ensure that the petitioner's ability to present claims of constitutional violations is not abridged merely because the petitioner has unwittingly fallen into a procedural trap created by the intricacies of habeas corpus law." *Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993); *see also Cook v. N.Y. State Div. Of Parole,* 321 F.3d 274, 282 (2d Cir. 2003) (find that after state prisoner's § 2241 petition was converted by the court into a § 2254 petition, prisoner would be allowed opportunity to withdraw his petition to avoid unintentionally exhausting his right to petition for habeas relief on other grounds).

The Court notes that a habeas petitioner should not be permitted to thwart the limitations on the filing of second or successive habeas petitions by withdrawing his first habeas petition "as soon as it becomes evident that the district court is going to dismiss it on the merits." *Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997). Unlike the habeas petitioner in *Felder,* Petitioner here filed his motion to withdraw

his habeas petition prior to any decision being rendered by the Court. There is thus no indication that Petitioner's motion was filed in bad faith. *See Delazzer v. Perry*, No. 11-13613, 2012 U.S. Dist. LEXIS 63171, at *2 (E.D. Mich. May 4, 2012) (finding that there was no indication that petitioner's motion was filed in bad faith since the Court had not ruled on the merits of the petition). Petitioner has made it clear that he does not wish to pursue his present petition at the present time. *See id.* Accordingly, the Court will permit Petitioner to withdraw his petition for a writ of habeas corpus.

Petitioner's voluntary dismissal of his habeas action completely terminates the litigation in this case and renders moot Respondent's motion to dismiss. *See Long v. Board of Pardons and Paroles of Tex.*, 725 F.2d 306, 306 (5th Cir. 1984). Because Petitioner is seeking to withdraw his habeas petition pursuant to Fed. R. Civ. P. 41(a)(2), the dismissal will be without prejudice. *See Markham v. Anderson,* 465 F. Supp. 541, 543 (E.D. Mich. 1979).

### III. CONCLUSION & ORDER

Accordingly, **IT IS HEREBY ORDERED** that the motion to withdraw the petition for a writ of habeas corpus (ECF No. 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Respondent's motion to dismiss (ECF No. 9) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated: June 24, 2021

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

A Copy of this Order was served on Leonza L. Tipton, No. 254693, G. Robert Cotton Correctional Facility, 3500 N. Elm Road,
Jackson, Michigan 49201 on
June 24, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk